■ Hamburg Brothers, Inc., on Behalf of Themselves and All Persons Who May be or Who Claim to be Trust Beneficiaries of the Funds Described Herein, Appellant, v Milton J. Jachles et al., Respondents. [620 NYS2d 870] —Order unanimously affirmed with costs. Memorandum: Plaintiff, a distributor of flooring material, commenced this action under article

3-A of the Lien Law to recover sums due for material supplied to Jachles Flooring, Inc., doing business as Imperial Floor Fashions (Imperial). Flooring material provided by plaintiff was installed in 186 of Imperial's 518 real estate improvement projects.

Supreme Court properly directed plaintiff to amend its complaint to state a separate cause of action for each claim in which plaintiff alleges a trust fund has been established. The Lien Law provides that funds received in connection with each improvement of real property "shall be a separate trust" (Lien Law § 70 [2]; see also, 16 Carmody-Wait 2d, Mechanics' Liens § 97:379, at 462). The statute also provides that "[a] trust arising under this article may be enforced by the holder of any trust claim * * * in a representative action brought for the benefit of all beneficiaries of the trust" (Lien Law § 77 [1]). The court properly concluded that plaintiff is entitled to maintain an action to enforce any of the 186 trusts against which it has a claim (see, Lien Law § 71 [3], [4]), but that plaintiff may not represent the beneficiaries of the remaining 332 trusts against which plaintiff has no claim. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Amend Complaint.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.